**BOORD, Plaintiff-Appellee v. INDUSTRIAL COMMISSION, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19934.   Decided April 23, 1945

Cerrezin & Wilson, Cleveland, for plaintiff-appellee.

Hugh S. Jenkins, Atty. Gen., Columbus, Clifford H. Bernard, Asst. Atty. Gen., Columbus, for defendant-appellant.

**OPINION**

By MORGAN, J.

In this case the Common Pleas Court made a finding in favor of plaintiff's right to participate in the State Insurance Fund. After the overruling of the motion for new trial, final judgment was entered for plaintiff. From this judgment defendant appeals to this Court.

The record shows that the plaintiff on November 7, 1929, while in the course of his employment sustained a "sacro illiac sprain—severe." Plaintiff duly filed his application for compensation. The Commission assumed jurisdiction of the claim and made the following awards:

For temporary total disability from November 17, 1929 to March 15, 1931; for temporary partial disability from March 16, 1931 to November 10, 1937; compensation for permanent and total disability from Nov. 11, 1937 to June 22, 1941.

The maximum statutory amount of $3750.00 was paid in each case, both for temporary total disability and for partial disability.

On November 12, 1941, the Commission made an order in which it was stated that "the claimant still has some disability to his back as a result of his injury, but that such disability is only partial in degree and no longer constitutes permanent total disability." The Commission further found that in addition to the disability to claimant's back, he was suffering from the symptoms of a "severe anxiety neurosis and hysteria * * *, which conditions, together with the disability to the claimant's back, constitute permanent total disability."

The order of the Commission concluded with these words:

"The permanent total disability suffered by the claimant cannot therefore be attributed to his injury and it is ordered that no further award for such disability be granted."

Thereafter the Commission granted claimant's application for a rehearing.

It is the opinion of the majority of this court that the order of November 12, 1941, denied the claim on a jurisdictional ground and that the application for a rehearing was properly allowed.

A rehearing was had, and on June 29, 1943, the Industrial Commission, following the hearing, again considered the claim and entered the following order:

"This matter coming on for hearing on the evidence submitted at the rehearing, and the referee's report, the Commission finds from the proof of record that claimant has been compensated for the period of total disability in the maximum amount provided by law and that he has been compensated in the maximum amount provided by law for partial disability. The Commission further finds that the claimant is still partially disabled and that he is not permanently and totally disabled. It is the order of the Commission, therefore, that the order of November 12, 1941, finding that the claimant was permanently and totally disabled, but not due to the injury, be and the same is hereby vacated.

The Commission further orders that the application for rehearing herein filed November 24, 1941, and all proceedings thereunder be and the same are dismissed."

Subsquently plaintiff undertook to perfect an appeal to the Common Pleas Court of Cuyahoga County, by virtue of the provisions of §1465-90 GC. A demurrer was interposed to plaintiff's petition which was overruled. The cause came on for hearing before the court (a jury having been waived) and as already stated, the court made a finding in favor of plaintiff's right to participate in the state insurance fund.

The sole question in this case is whether or not the petition stated a cause of action and whether or not defendant's demurrer should have been sustained.

An application for compensation with the Industrial Commission is a proceeding within the terms of §26 GC, and said proceedng is governed in all respects by the statutes in force at the time the application for compensation was originally filed. See **State ex rel Longano v Industrial Commission, 135 Oh St 165; Industrial Commission v Vail, 110 Oh St 304**, 143 N. E. 716; **State ex rel Slaughter v Industrial Commission, 132 Oh St 537, 541**; 9 N. E. (2d) 505, 507.

Accordingly, §1465-90 GC as it was on February 3, 1930, when the original application for compensation was filed, governs in this case.

The provision in said §1465-90 GC, governing an appeal to the common pleas court of an order denying compensation by the Commission, is as follows:

"If the Commission, after such hearing, (i.e. the rehearing) finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant within sixty days after receipt of notice of such action of the Commission, may file a petition in the common pleas court of the county wherein the injury was inflicted * * * * *."

The Commission, after the said rehearing, made a finding that "the claimant is still partially disabled and that he is not permanently and totally disabled;" and that the claimant had been compensated for the period of total disability and also for partial disability in the maximum amount provided by law.

The commission also on June 29, 1943, as stated, vacated the order of November 12, 1941, finding that the claimant was permanently and totally disabled and ordered that the application for rehearing and "all proceedings thereunder be and the same are dismissed."

The Commission clearly had jurisdiction to make the above order of June 29, 1943, under §1465-86 GC which provides that:

"The powers and jurisdiction of the board over each case shall be continuing and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as in its opinion may be justified."

It is obvious that the order of the Commission made after the rehearing does not under the provisions of §1465-90 GC as above stated, permit the claimant to perfect an appeal to the common pleas court. To warrant such an appeal it is necessary that the order of the Commission following the rehearing should find that the Commission "has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed."

The order of the Commission, however, following the rehearing, made a finding that it did have jurisdiction of the claim and did have authority to inquire into the extent of disability and the compensation claim and further found that the claimant was not "permanently and totally disabled" and

that the "maximum compensation provided by statute had already been paid claimant both for partial disability and for temporary total disability."

Under §1465-90 GC the right of a claimant to file a petition in the common pleas court is determined not by the order of the Commission granting an application for rehearing but rather is determined by the order made by the Commission following the rehearing.

The case of **Crumpton v Goodrich Company, 139 Oh St 383** is no authority to the contrary. In that case, although the order of the Commission followed the rehearing, denied compensation on a jurisdictional ground, the previous order allowing a rehearing was on a non-jurisdictional ground and the court held that the error in granting the application for a rehearing was not cured by the action of the commission after a rehearing in denying the claim on a jurisdictional ground. Two of the judges dissented.

In the present case, although there was no error in granting the application for a rehearing, the Industrial Commission denied compensation and dismissed the proceedings on a non-jurisdictional ground. **Sec. 1465-90 GC** as in effect on February 3, 1930, did not permit an appeal to the common pleas court from such an order.

The judgment of the common pleas court in this case is therefore reversed and final judgment is entered for the Industrial Commission, defendant appellant.

SKEEL, P. J. and LIEGHLEY, J., concur.